with the hairs of her head. Thou gavest me no kiss, but this woman, since the time I came in, hath not ceased to kiss my feet. Mine head with oil thou didst not anoint ; but this woman hath anointed my feet with ointment. Wherefore I say unto her, thy sins which are many, are forgiven.' "

What had this contestant done that he should become the object of the old man's bounty? He had entered into his house, but not to labor, while this woman and her first-born, since they entered his house, had ceased not to toil for him; and can you doubt but that her sin was forgiven her, and the bequest to her permitted to stand?

*C. B. Howell, W. F. Atkinson* and *I. Marston* for Proponent.

*B. T.* and *Geo. H. Prentiss* for Contestant.

---

## Superior Court of Grand Rapids.

### IN THE MATTER OF LEONARD GASKILL.

*Habeas Corpus—Preliminaries to Issue of Execution.*

When in an execution from Justice Court it appears that a judgment was rendered in a sum within the civil jurisdiction of a justice, it will be presumed that all the preliminaries to the issuing of the execution have been complied with.

The respondent was taken and committed upon a body execution issued by a Justice of the Peace. The execution was after the form prescribed in Tiffany's Justice Guide. It failed to state the kind of action in

which the judgment was rendered ; whether it was in an action of trespass, trover, replevin, or assumpsit. It failed to show that the action in which the judgment was rendered, was one in which a body execution could be issued. It failed to show that an affidavit was filed with the justice by which an execution is authorized. Because the execution failed in such recitals it was urged that the execution was void and the party should be discharged on *habeas corpus*.

The Court, PARISH J., Held : That it appearing by the execution that a judgment was rendered for an amount within the jurisdiction of the justice, giving the date and the names of the parties, it would be presumed that all the preliminaries necessary to the issuing of the execution had been complied with. That the same strictness which is required in criminal process is not required in case of civil process.

(April, 1883.)

*Frank Kutts* for petitioner.
*John A. Fairfield,* contra.